OPINION
Appellant Darryl Sumes seeks to withdraw his guilty plea entered in the Stark County Court of Common Pleas on the basis that the trial court erred in accepting the plea. The following facts give rise to this appeal.
On December 5, 2000, Canton Police Officers arrested appellant and charged him with passing bad checks and receiving stolen property. The Canton Municipal Court bound appellant over to the Stark County Grand Jury after conducting a preliminary hearing. On January 3, 2001, the grand jury indicted appellant with one count of forgery, one count of receiving stolen property and two counts of passing bad checks. Appellant initially entered a plea of not guilty to these charges.
On February 20, 2001, appellant withdrew his plea of not guilty and entered a guilty plea to the charges contained in the indictment. Appellant is deaf, but an interpreter was present to assist him. At this hearing, the prosecutor indicated that appellant had spoken to his attorney and had executed a change of plea form. The trial court reviewed the counts contained in the indictment and listed the penalties that could be assessed for each count. The trial court also reviewed each constitutional right appellant would be waiving by entering a guilty plea. The trial court further discussed with appellant whether any promises or threats had been made to him and whether he was satisfied with defense counsel's representation.
Thereafter, appellant entered a guilty plea and the trial court sentenced him to eighteen months of incarceration. On May 8, 2001, appellant filed a motion for judicial release. The trial court overruled appellant's motion on May 14, 2001. Appellant filed a pro se motion for delayed appeal on June 29, 2001. We granted appellant's motion on August 1, 2001. Before the record was transmitted and appellate counsel appointed, appellant filed a brief captioned "Supplementary Appeal Brief." Appointed appellate counsel also filed a brief on appellant's behalf.
Appointed appellate counsel sets forth the following sole assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT FIRST DETERMINING THAT APPELLANT UNDERSTOOD THE NATURE OF THE CHARGES TO WHICH HE WAS PLEADING GUILTY, THEREBY DENYING APPELLANT DUE PROCESS AS GUARANTEED BY THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
Appellant's pro se brief contains the following assignments of error for our consideration:
 I. DEFENDANT STATES THAT HE WAS COERCED INTO PLEADING GUILTY TO THE CHARGES BY HIS COURT-APPOINTED ATTORNEY ON THE DAY OF TRIAL FROM HIS ORIGINAL PLEA OF NOT GUILTY.
 II. DEFENDANT STATES THAT HE DID NOT UNDERSTAND THE CONSTITUTIONAL RIGHTS THAT HE WAS WAVING (SIC), NOR WERE THEY EXPLAINED TO HIM BY HIS COURT-APPOINTED COUNSEL.
 III. THE COURT ERRED BY FAILING TO INQUIRE INTO WHETHER THE DEFENDANT WHO IS A (DEAF-MUTE) UNDERSTOOD THE CHARGES AGAINST HIM, AND AS TO HIM BEING ABLE TO GIVE A RATIONAL VOLUNTARY PLEA OF GUILTY REGARDING TO (SIC) ALL CHARGES WITHIN THE INDICTMENT.
In all of the above assignments of error, appellant maintains the trial court erred when it accepted his plea of guilty. We note that appellant makes this argument for the first time on appeal. The record and transcript of the plea hearing indicate that appellant never made any request in the trial court to withdraw his guilty plea prior to or following sentencing as required by Crim.R. 32.1. Failure to assert an alleged error in the trial court waives that error on appeal. State v.Awan (1986), 22 Ohio St.3d 120, 122. Accordingly, having failed to raise the issue of withdrawal of his guilty plea in the trial court, we will not address this matter on appeal.
Additionally, appellant's appeal is not reviewable under R.C. 2953.08(D) as his plea was the result of a negotiated plea and was recommended jointly by defense counsel and the state.
Appellate counsel's sole assignment of error and appellant's pro se
assignments of error one through three are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: WISE, J. FARMER, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.